# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR, | CASE NO. 1:07-cv-01768-AWI-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | (Doc. 1) |
| DIRECTOR OF CDCR, et al., | |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Charles Fordjour ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 3, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

Plaintiff is an inmate currently housed the Santa Clara County Jail. The events at issue in this action allegedly occurred at Avenal State Prison. Plaintiff alleges that staff members are conspiring to murder him or have him killed. Plaintiff alleges that his due process rights were violated in conjunction with a disciplinary hearing at which good time credits were revoked, and he was assessed extra duty hours and placed on C status. Plaintiff is seeking monetary and equitable relief.

### A. Eighth Amendment Claims

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment]

2

1  conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim,
2  "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses
3  against society, only those deprivations denying the minimal civilized measure of life's necessities
4  are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and
5  citations omitted).

6        Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison
7  officials may be held liable only if they acted with "deliberate indifference to a substantial risk of
8  serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference
9  standard involves an objective and a subjective prong. First, the alleged deprivation must be, in
10 objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970
11 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison
12 official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer,
13 511 U.S. at 837.

14       Conspiracy to murder an inmate is without question a violation of the Eighth Amendment.
15 However, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted
16 under color of state law and (2) the defendant deprived him of rights secured by the Constitution or
17 federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983
18 plainly requires that there be an actual connection or link between the actions of the defendants and
19 the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social
20 Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another
21 of a constitutional right, where that person 'does an affirmative act, participates in another's
22 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
23 the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
24 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection
25 can be established not only by some kind of direct, personal participation in the deprivation, but also
26 by setting in motion a series of acts by others which the actor knows or reasonably should know
27 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).
28 ///

1   While detailed allegations are not required, a plaintiff must set forth "the grounds of his
2   entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation
3   of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65
4   (2007) (internal quotations and citations omitted). The "[f]actual allegations must be [sufficient] to
5   raise a right to relief above the speculative level . . . ." Bell, 127 S.Ct. at 1965 (citations omitted).
6   In this instance, despite the seriousness of his claim, plaintiff has not set forth any facts linking
7   actions or omissions of the named defendants to a conspiracy to murder him. Plaintiff's conclusory
8   claim that all the named defendants are trying to murder him or have him murdered does not give
9   rise to a cognizable claim for relief.

10  **B.   Equal Protection Claim**

11  "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated
12  should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing
13  Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation
14  of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the
15  defendants acted with an intent or purpose to discriminate against the plaintiff based upon
16  membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)
17  (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination
18  means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v.
19  Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396,
20  1404 (9th Cir. 1994)) (emphasis in original).

21  Although plaintiff alleges his right to equal protection was violated, the complaint is devoid
22  of any facts supporting such a claim. Plaintiff fails to state a claim for violation of the Equal
23  Protection Clause.

24  **C.   Due Process Claims**
25       **1.   Procedural**

26  The Due Process Clause protects against the deprivation of liberty without due process of
27  law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the
28  protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest

4

for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

The deprivation of time credits implicates a liberty interest. However, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Plaintiff is still in custody and may not at this time proceed under section 1983 for deprivation of time credits without due process of law.

Further, there are no facts alleged upon which to base a conclusion that the assessment of extra duty hours and placement on C status imposed "atypical and significant hardship on [plaintiff] in relation to the ordinary incidents of prison life." Sandin at 484. Therefore, the Court finds that plaintiff has not identified the existence of a protected liberty interest and may not proceed on a procedural due process claim. Wilkinson, 545 U.S. at 221.

**2.    Substantive**

"The concept of substantive due process . . . forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998) (citation and internal quotation marks omitted). To establish a claim, "a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." Id. "The Due Process Clause takes effect only if there is a *deprivation* of a protected interest." Id. at 874 (emphasis in original).
///

Plaintiff's allegations concerning his disciplinary hearing do not support a claim for relief for violation of substantive due process.

### III. Conclusion

Plaintiff's complaint does not state any claims for relief under section 1983. Plaintiff will be provided with the opportunity to file an amended complaint. Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

///

///

///

///

1  3. The failure to file an amended complaint in compliance with this order will result in
2  dismissal of this action, with prejudice, for failure to state a claim.

4  IT IS SO ORDERED.

5  **Dated:   March 20, 2008**               /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE