# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01768-AWI-SMS PC<br><br>ORDER DENYING MOTION FOR<br>PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 3) |

Plaintiff Charles Fordjour ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 3, 2007, Plaintiff filed this action along with a motion seeking a preliminary injunction mandating the restoration of his time credits and his transfer to federal custody on the ground that his life is in danger.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach Plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if Plaintiff "shows no chance of success on the merits." Id. At a bare minimum, Plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

1 | Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id</u>. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's complaint has been screened by the Magistrate Judge and dismissed with leave to amend for failure to state any claims upon which relief may be granted. At this juncture, there is not yet a case or controversy before the Court in light of the fact that Plaintiff's complaint sets forth no cognizable claims. Further, Plaintiff is still in custody and may not seek restoration of his time credits in a section 1983 action. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Finally, Plaintiff is no longer housed at Avenal State Prison, where he alleges his life was endangered, and his request for a transfer is therefore moot. <u>Nelson v. Heiss</u>, 271 F.3d 891, 897 (9th Cir. 2001); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368 (9th Cir. 1995); <u>Johnson v. Moore</u>, 948 F.2d 517, 519 (9th Cir. 1991).

///
///
///

Based on the foregoing, Plaintiff's motion for preliminary injunctive relief, filed December 3, 2007, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:     April 5, 2008**                                     /s/ Anthony W. Ishii
                                                                 UNITED STATES DISTRICT JUDGE