# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:07-cv-01768-AWI-SMS PC<br><br>ORDER DENYING MOTION FOR<br>PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 19) |

　　　Plaintiff Charles Fordjour ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 30, 2008, Plaintiff filed a motion seeking a preliminary injunction.

　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach Plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if Plaintiff "shows no chance of success on the merits." Id. At a bare minimum, Plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

///

1    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

The claims in this action arise from events which occurred when Plaintiff was housed at Avenal State Prison.[1]  Plaintiff is currently being housed at the Kings County Jail and seeks an order directed at remedying current conditions of confinement at the jail.  The Court has no jurisdiction in this action over Kings County jail officials.  Accordingly, Plaintiff's motion for a preliminary injunction, filed June 30, 2008, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   July 8, 2008**                     /s/ Anthony W. Ishii
                                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's complaint was dismissed with leave to amend on March 20, 2008.  An order requiring Plaintiff to show cause why this action should not be dismissed for failure to file an amended complaint is currently outstanding.