# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CHARLES FORDJOUR,

                Plaintiff,

    v.

DIRECTOR OF CDCR, et al.,

                Defendants.

_____/

CASE NO. 1:07-cv-01768-AWI-SMS PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF ACTION

(Doc. 25)

OBJECTIONS DUE WITHIN THIRTY DAYS

**Findings and Recommendations Following Screening of Amended Complaint**

**I.     Screening Requirement**

Plaintiff Charles Fordjour ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's amended complaint, filed on December 31, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Claim Raised in Amended Complaint

Plaintiff filed this action on December 3, 2007, at which time he was an inmate at Avenal State Prison ("Avenal"). In his complaint, Plaintiff alleged that he had been transferred to Avenal from San Quentin State Prison on July 11, 2007, and that from that date to the present, staff members had been trying to kill him.[1] Plaintiff also alleged that his due process rights were violated at Avenal in conjunction with a disciplinary hearing at which good time credits were revoked, and he was assessed extra duty hours and placed on C status. On March 20, 2008, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted. After obtaining multiple extensions of time, Plaintiff filed an amended complaint on December 31, 2008.[2]

### A.   Improper Venue

Plaintiff's amended complaint raises for the first time claims against the Pinole and El Cerrito Police Departments arising from his arrest and detention, and against various staff members at San

---

[1] On January 30, 2008, Plaintiff notified the Court that he had been transferred from Avenal to the Santa Clara County Jail.  (Doc. 6.)

[2] Plaintiff is currently housed at the Kings County Jail.

1    Quentin State Prison arising from the conditions of his confinement at that prison.  Venue for those

2    claims is proper in the Northern District of California and Plaintiff may not pursue them in this

3    action, which was originally filed based on events occurring at Avenal.  The Court recommends

4    dismissal of these claims, without prejudice, based on improper venue.  See Costlow v. Weeks, 790

5    F.2d 1486, 1488 (9th Cir. 1986) (court may raise defective venue sua sponte); see also Davis v.

6    Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991) (courts have broad discretion regarding

7    severance).

8         **B.    Claims Arising from Failure to Provide Gate Money**

9         In addition to the new claims based on events not occurring in this jurisdiction, Plaintiff

10   alleges a new due process claim against prison officials at Avenal for failing to provided him with

11   his $200.00 in gate money when he was released from the custody of the California Department of

12   Corrections and Rehabilitation on January 13, 2004, and again on April 15, 2008.[3]  (Doc. 25, pp. 14-

13   15.)

14        **1.    Claim Accruing on January 13, 2004**

15        Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when

16   the plaintiff knows or has reason to know of the injury which is the basis of the action."  Maldonado

17   v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).

18   Because section 1983 contains no specific statute of limitation, federal courts should apply the forum

19   state's statute of limitations for personal injury actions.  Jones v. Blanas, 393 F.3d 918, 927 (2004);

20   Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914.  For claims accruing on or after January 1, 2003,

21   the statute of limitations is two years.  Cal. Civ. Proc. Code § 335.1 (West 2008); Jones, 393 F.3d

22   at 927; Maldonado, 370 F.3d at 954-55.

23        This action was filed almost three years after Plaintiff's claim accrued, and the amended

24   complaint raising the claim was filed almost four years after the claim accrued.  Plaintiff's claim

25   based on the failure to provide gate money on January 13, 2004, is barred by the statute of limitations

26   and the Court recommends dismissal, with prejudice.

27

28        [3] California Penal Code § 2713.1 provides that upon release and subject to certain conditions not relevant
     here, a prisoner shall be paid $200.00.

2.    **Claim Accruing on April 15, 2008**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

Plaintiff filed this action on December 3, 2007, and the claims raised in this action must have been exhausted prior to that date. In light of section 1997e(a), Plaintiff may not add any new claims that arose after suit was filed on December 3, 2007. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Allowing Plaintiff to pursue the new claim he added in his amended complaint would allow Plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201. The Court recommends dismissal of the claim, without prejudice.

III.    **Conclusion and Recommendation**

Plaintiff filed this action on December 3, 2007, raising the claims that following his transfer to Avenal on July 11, 2007, his life was placed in danger and his due process rights were violated during a disciplinary hearing. Plaintiff's complaint was dismissed with leave to amend to cure the

deficiencies in his claims.  Plaintiff's amended complaint does not allege the claims that his life was placed in danger Avenal and his due process rights were violated during a disciplinary hearing. Instead, Plaintiff alleges numerous claims that accrued in another jurisdiction, a claim that is barred by the statute of limitations, and a claim that accrued after this action was filed.  None of the new claims are properly raised in this action and the Court recommends their dismissal.  Plaintiff was given notice of the deficiencies in his original claims and provided with the opportunity to amend but failed to comply with the Court's order.  Accordingly, further leave to amend is not warranted, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and the Court HEREBY RECOMMENDS that this action be dismissed in its entirety as follows:

1. Plaintiff's claims arising from his arrest and detention by the Pinole and El Cerrito Police Departments and from his conditions of confinement at San Quentin State Prison be dismissed, without prejudice, based on improper venue;

2. Plaintiff's claim arising from the failure to provide him with gate money on January 13, 2004, be dismissed, with prejudice, as barred by the statute of limitations; and

3. Plaintiff's claim arising from the failure to provide him with gate money on April 15, 2008, be dismissed, without prejudice, as barred by section 1997e(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    January 8, 2009**                     _____/s/ Sandra M. Snyder_____
                                                UNITED STATES MAGISTRATE JUDGE