# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>        Plaintiff,<br><br>   v.<br><br>DIRECTOR OF CDCR, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01768-AWI-SMS PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>(Docs. 25 and 26) |

      Plaintiff Charles Fordjour ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      On January 8, 2009, the Magistrate Judge screened Plaintiff's Amended Complaint and filed a Findings and Recommendations herein which was served on Plaintiff. Plaintiff was granted thirty days within which to objection, and he filed his Objection on February 12, 2009.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. The Findings and Recommendations adequately address the arguments made in the objections. The court is not required to transfer a case containing claims for which the court lack's venue. See 28 U.S.C. § 1406(a) (were venue is improper, the district court has the discretion to dismiss the case.) Petitioner's contentions that he is subject to a four year limitation period is incorrect. As found by the Magistrate Judge, Plaintiff's limitation period is only two years, not four years, making his claim

based on the failure to give gate money on January 13, 2005 untimely.  See Cal. Civ. Proc. Code § 352.1 (prisoners who at the time the cause of action accrued were serving a sentence of less than life for a criminal conviction have a two-year tolling provision for damages actions).  Thus, the objections offer no reason to not adopt the Findings and Recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed January 8, 2009, is adopted in full;
2. This action is dismissed in its entirety as follows:
   a. Plaintiff's claims arising from his arrest and detention by the Pinole and El Cerrito Police Departments and from his conditions of confinement at San Quentin State Prison are dismissed, without prejudice, based on improper venue;
   b. Plaintiff's claim arising from the failure to provide him with gate money on January 13, 2004, is dismissed, with prejudice, as barred by the statute of limitations; and
   c. Plaintiff's claim arising from the failure to provide him with gate money on April 15, 2008, is dismissed, without prejudice, as barred by section 1997e(a); and
3. The Clerk of the Court shall enter judgment and close this file.

IT IS SO ORDERED.

Dated:   **April 16, 2009**          /s/ Anthony W. Ishii
                                     CHIEF UNITED STATES DISTRICT JUDGE